UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **MELISSA JAMINDAR**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**21ST CENTURY ONCOLOGY SERVICES, LLC**, a Delaware limited liability company,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:19-cv-392<br><br>Judge:<br><br>Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **MELISSA JAMINDAR** ("JAMINDAR" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

**CAUSES OF ACTION**

1. This is an action brought under the Family & Medical Leave Act (FMLA) for (1) interference in violation of the FMLA, and (2) retaliation in violation of the FMLA.

**PARTIES**

2. The Plaintiff, **MELISSA JAMINDAR** ("JAMINDAR") is an individual and a resident of Florida who currently resides, and at all material times resided, in Collier County, Florida but who worked for the Defendant in Lee County, Florida.

3. Defendant, **21ST CENTURY ONCOLOGY SERVICES, LLC** ("**21C**") is a Delaware limited liability company with a principal place of business located in Fort Myers, Florida. **21C** employed **JAMINDAR**.

4. At all material times, **21C** employed greater than fifty (50) employees.


**JURISDICTION AND VENUE**

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in Collier County, Florida and **21C** conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County, Florida is within the Fort Myers Division.

**GENERAL ALLEGATIONS**

7. **JAMINDAR** began her employment with **21C** on August 15, 2016 and was employed as a registered nurse/OSHA officer.

8. **JAMINDAR** always performed her assigned duties in a professional manner and was very well qualified for her position.

9. On April 2, 2019, **21C** informed **JAMINDAR** that she was receiving a performance bonus of $1,520.00.

10. However, shortly thereafter, **JAMINDAR** developed a serious health condition, to wit: a generalized anxiety disorder.

11. On April 22, 2019, **JAMINDAR** became incapacitated by her serious health condition and was advised by her health care provider to take medical leave.

12. **JAMINDAR** promptly informed **21C** of her need for FMLA leave and applied for the same.

13. On April 23, 2019, **JAMINDAR**'s health care provider sent **21C** documentation supporting **JAMINDAR**'s request for FMLA leave from April 22, 2019 to July 19, 2019. That documentation included the specific statement that **JAMINDAR** suffered from a "Generalized

Anxiety Disorder superseded by sudden panic symptoms which have at this time, lead to an inability to focus, interact with others and persist in her work-related tasks in a diligent and appropriate manner."

14. On April 23, 2019, **JAMINDAR** advised **21C** that she had submitted her FMLA forms, and each day thereafter, **JAMINDAR** informed **21C** that she was not able to come to work.

15. While the third-party medical leave administrator requested some additional information from **JAMINDAR**, such as an authorization for release of medical records, **21C** never afforded **JAMINDAR** the opportunity and instead terminated her employment on April 26, 2019.

16. In sum, after requesting and taking FMLA leave, **21C** targeted **JAMINDAR** for termination, ultimately firing her for requesting and utilizing leave secured to her by the FMLA.

17. Because **21C** obtained knowledge that **JAMINDAR** suffered from a qualifying serious health condition under the FMLA, **21C** was obligated to offer **JAMINDAR** leave under the FMLA and reinstate her upon **JAMINDAR** attempting to return to work.

18. Consequently, **21C** interfered with **JAMINDAR**'s right to utilize FMLA leave and retaliated against her when she tried to invoke her right to leave and reinstatement, and thus **21C** has violated the FMLA.

**COUNT I – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE**

19. The Plaintiff hereby incorporates by reference Paragraphs 1-18 in this Count by reference as though fully set forth below.

20. **JAMINDAR** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she suffered from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that

involves treatment by a health care provider and **JAMINDAR** worked more than 1,250 hours in the preceding 12 months of employment with the **21C**.

21. **JAMINDAR** informed **21C** of her need for leave due to her serious health conditions.

22. **21C** was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

23. If **21C** were to have decided that **JAMINDAR**'s expected absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

24. **21C** has never provided **JAMINDAR** with any notice disqualifying her FMLA leave.

25. In fact, **21C** determined that **JAMINDAR** was eligible for leave under the FMLA but then terminated her employment because of her request for federally protected medical leave.

26. **JAMINDAR** engaged in activity protected by the **FMLA** when she requested leave due to her serious health condition, consistently informing the **21C** of the same.

27. **21C** knew, or should have known, that **JAMINDAR** was exercising her rights under the FMLA and was aware of **JAMINDAR'** need for FMLA-protected absence.

28. **JAMINDAR** complied with all of the notice and due diligence requirements of the FMLA.

29. **21C** was obligated to provide **JAMINDAR**, an employee who requested FMLA leave, up to 12 weeks of unpaid leave and then reinstatement to her former position or an equivalent

position with the same pay, benefits, and working conditions when he returns to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

30. **21C** failed to grant leave and to return **JAMINDAR** to her former position or an equivalent position in violation of the FMLA.

31. A causal connection exists between **JAMINDAR**'s request for FMLA-protected leave and her termination from employment with the **21C**.

32. **21C** engaged in willful retaliation in violation of the FMLA by terminating **JAMINDAR** 's employment because she engaged in activity protected by the FMLA.

33. As a result of the above-described violations of FMLA, **JAMINDAR** has been damaged by **21C** in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

**COUNT II – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- RETALIATION**

34. The Plaintiff hereby incorporates by reference Paragraphs 1-18 and 20-32 in this Count by reference as though fully set forth below.

35. **JAMINDAR** engaged in activity protected by the FMLA when she requested leave due to her serious health condition, consistently informing the **21C** of the same verbally and in writing.

36. **21C** knew, or should have known, that **JAMINDAR** was exercising her rights under the FMLA and was aware of **JAMINDAR**'s need for FMLA-protected absence.

37. A causal connection exists between **JAMINDAR**'s request for FMLA-protected leave and her termination from employment with **21C** because **JAMINDAR** engaged in statutorily protected activity by requesting, taking and demanding reinstatement from FMLA leave.

38. **21C** retaliated by altering the terms and conditions of **JAMINDAR**' employment by terminating **JAMINDAR**'s employment because she engaged in the statutorily protected activity of requesting, taking and demanding reinstatement from FMLA leave. **21C** refused to return **JAMINDAR** to work because **JAMINDAR** requested and took FMLA leave and terminated her because she engaged in this statutorily protected activity.

39. **21C** engaged in willful and intentional retaliation in violation of the FMLA by terminating **JAMINDAR**'s employment because she engaged in activity protected by the FMLA.

40. As a result of the above-described violations of FMLA, **JAMINDAR** has been damaged by **21C** in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **MELISSA JAMINDAR**, by and through her undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: June 11, 2019

**/s Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com